| | | | |
|---|---|---|---|
| Case No. | LA CV12-06513 JAK (AJWx) | Date | August 15, 2012 |
| Title | Bryan Tidwell v. Biomet Orthopedics, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION**

In his Complaint, Dkt. 1, Plaintiff Bryan Tidwell brings four state law claims against Defendants Biomet Orthopedics, LLC; Biomet, Inc.; and Biomet, LLC: (1) strict products liability, (2) negligence, (3) breach of implied warranties, and (4) breach of express warranty. Plaintiff's claims arise from an allegedly "defective hip implant system." Compl. ¶ 1.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case, *see Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94 (1998). Plaintiff seeks to invoke the subject matter jurisdiction of this Court under 28 U.S.C. § 1332 (diversity jurisdiction).

Diversity jurisdiction exists only where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity of citizenship is required: "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c); *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994). An LLC is the citizen of all states of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006).

Plaintiff alleges that the amount in controversy exceeds $75,000. Compl. ¶ 26. Plaintiff alleges that he is a citizen of California, Compl. ¶ 4, and that Defendant Biomet, Inc. is a corporation incorporated in, and with its principal place of business in, Indiana. Compl. ¶ 6. However, Plaintiff has not adequately alleged the citizenship of Defendants Biomet Orthopedics, LLC, and Biomet, LLC. Plaintiff alleges that each is a "limited liability company organized and existing under the laws of the State of Indiana with its primary place of business in Warsaw, Indiana." Compl. ¶¶ 5, 7. Plaintiff has not pleaded the citizenship of Defendants' members. Accordingly, Plaintiff has not adequately pleaded that complete diversity exists.

The party seeking to establish the Court's jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Here, because Plaintiff has not properly pleaded the citizenship of two Defendants, he

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | LA CV12-06513 JAK (AJWx) | Date | August 15, 2012 |
|---|---|---|---|
| Title | Bryan Tidwell v. Biomet Orthopedics, LLC, et al. | | |

has not established diversity jurisdiction. Accordingly, the Court issues this Order to Show Cause re Subject Matter Jurisdiction. On or before **August 29, 2012**, the parties are to submit any memoranda, each of which is not to exceed five pages, with respect to whether this Court has subject matter jurisdiction over this action. Upon receiving these memoranda, the Court will determine whether a hearing on any issue raised is necessary or if the matter can be addressed by the Court without a hearing.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer   ak